## John Meldrum *vs.* James Clark.

*Error to Desmoines.*

Between the parties to an instrument, the date raises a legal presumption of the time of its execution.

Where an instrument, executed by a third person to the defendant, is brought in to defeat the plaintiff's action, and the time of its execution becomes a material fact in the case, the mere date is no evidence of that time.

This was an action of covenant brought in the District Court by Clark against Meldrum, the declaration being as follows:

"IOWA TERRITORY, }
   "DESMOINES COUNTY, } ss.
          "*District Court, September Term*, 1839.

"James Clark, plaintiff, by his attorneys, D. Rorer and W. Henry Starr, complains of John Meldrum, defendant, of a plea of covenant broken.

"For that the said defendant heretofore, to wit, on the 26th day of January, 1837, to wit, at the county aforesaid, by his deed of that date, in court here now ready to be produced, covenanted with the said plaintiff as follows, to wit:

'DESMOINES COUNTY, WISCONSIN TERRITORY, }
          'January 26th, 1837.   }

'Know all men by these presents, that I, John Meldrum, of the county aforesaid, have this day sold unto James Clark, of the same county as aforesaid.   Now the condition of the above is such, that the said John Meldrum, for and in consideration of the purchase money of

two certain strips of land, lying on the north side of the quarter section of land that I live on, and on the quarter immediately east of my quarter I live on, described as aforesaid, and running forty-two rods on the north side of the two quarter sections aforesaid, (meaning two quarter sections aforesaid;) and I, the said John Meldrum, for and in consideration aforesaid, do bind myself, my heirs and assigns, to make a deed in fee simple to the said James Clark, his heirs or assigns, on demand, after I obtain it, if I ever do, by pre-emption or otherwise; and I do further bind myself and heirs and assigns, if I sell my claim, to take a like bond for the benefit of said James Clark, his heirs or assigns. And the said James Clark binds himself to pay said purchase money, or the same amount, to the said Meldrum, his heirs or assigns. In testimony whereof, I, the said John Meldrum, have hereunto set my hand and seal, the day and year and month aforesaid.

'JOHN MELDRUM, [SEAL.]

' Signed sealed and delivered in presence of

' JAMES LORTON,

' AMOS LADD.'

" Now the said plaintiff avers that the said John Meldrum has sold his claim, referred to in his said covenant above recited, to wit: at the county aforesaid. Yet nevertheless, the said John Meldrum, defendant, not regarding his said covenant, did not take, nor hath he taken a bond according to his said covenant, for the benefit of the said James Clark, his heirs or assigns, although the said James Clark always has been ready and willing and still is ready and willing to do, submit to and perform all things on his part, covenanted to be done to or for the said defendant by or in consideration of said covenant. And so the said defendant his covenant aforesaid in this respect has not kept, but has broken the same to the damage of the said plaintiff eight hundred dollars, and therefore he sues."

To this declaration the defendant demurs specially, and sets forth the following causes, viz:

" FIRST, There is no sufficient breach of the covenant alleged.

" SECOND, The bond on which this action is brought contains two distinct covenants, if it contains any, the latter depending for its effect on the breach or performance of the first, and there is no breach of the first condition alleged, nor is the fact negatived that the defendant has not made a fee simple title to the said pieces of land, or that the same was

ever demanded according to the conditions of the covenant, nor is it alleged that said defendant has ever obtained a deed for the same.

"THIRD, Plaintiff has not alleged an offer to perform on his part, his conditions of the covenant.

"FOURTH, The bond on which this action is brought, does not contain material covenants to bind both parties."

The demurrer was overruled, and afterwards at the February term 1840 a plea of performance was put in. On this plea the jury found for the plaintiff, and his damages at one hundred and fifty-seven dollars and fifty cents. Thereupon the defendant moved for a trial *de novo.*

1. Because the damages are excessive.

2. The verdict is against law and evidence.

And the motion was overruled and the defendant excepts thereto as follows:

" Be it remembered, that on the trial of the above cause which came on to be tried on issue joined on defendants plea of performance, the defendant offered a bond taken in his name for the benefit of said Clark in evidence to support his plea bearing date the first day of April 1839, but offered no evidence to prove the date which was before the commencement of this suit; the plaintiff contended that the date of the bond was not prima facie evidence of its real date, and that the jury might infer that it was executed subsequently to the institution of said suit notwithstanding the said bond was under seal and the court thereupon instructed the jury, the date of the bond was no legal presumption of its real date, and that the jury might infer that said bond had been antedated, although no evidence had been given to prove that said bond had been antedated, and that if the jury should presume from all the circumstances, that said bond had been executed since the institution of said suit, that they must find for the plaintiff, to which opinion of the court the defendant by his counsel excepts, &c. "

BROWNING, for plaintiff in error. Where a note is payable on demand, the demand must be proved to have been made before the action is brought, and on a covenant to make a deed on demand, the demand must in like manner be proved. But the proof must not be more extensive than the allegations of the declaration. It must be co-extensive with them. It is necessary for the plaintiff to state all the circumstances of the case that give him a right of action. It would be necessary

therefore for him to state that Meldrum had acquired a title from the United States, and that Clark had made his demand for a deed, and that Meldrum had refused to convey. There is no compulsion on the government to make a title.

RORER, for the defendant in error, contended that the bond sued on contains two distinct covenants from Meldrum to Clark, one that he would convey on demand, if he obtained title. The other, that if he sold his claim before he procured title he would take a like bond from the purchaser for the benefit of Clark.

That on the last named covenant the plaintiff below brings his suit, disregarding entirely the first named covenant, and avers in his declaration that Meldrum did sell without procuring title, which averment negatives the idea that he ever did obtain title to the premises alluded to in the bond. He also for breach avers that he did not take of the purchaser a like bond for the benefit of Clark. To this declaration the defendant below demurs, and for cause of demurrer says Clark did not allege a demand of a title befor suit. For this demand there could be no necessity in a suit on the covenant to take a bond for the benefit of Clark. Another cause of demurrer assigned is that the breach is insufficiently stated. As to this point it is sufficient to say that the breach as assigned is co-extensive with the charge as laid in the declaration. And this is all the law requires. At common law in covenant on a bond, " the plaintiff could assign only one breach of the condition, " &c., 1 Ch. Pl. 330. We have no statute changing the law in this respect—hence the assignment of the breach is sufficient.

The counsel of the plaintiff in error having passed over the other two causes of demurrer by him assigned, it is deemed unnecessary to advert to them further than merely to suggest that as to Clark's not offering to comply on his part, he had no compliance to make, except to pay the money stipulated when the title should be obtained and a conveyance made to him, of which having been done there is not any pretence.

As to the point raised by the bill of exceptions, there is no proof of any *like bond* with the original having been taken by Meldrum. The exceptions show the bond offered in evidence to have been taken in the *name* of *Meldrum* for the benefit of Clark. Had a like bond been taken it must have been taken, like the *original*, in the *name* of *Clark*.

The nominal date affixed to the bond offered in evidence under the plea of performance, is not self evidence of its own correctness. And it does not appear that any collateral proof of the real date of the bond was introduced on the trial below. Nor does it appear in evidence that,

the bond ever came to the knowledge, possession or control of Clark, so as to enable him to avail himself thereof. As to the statement of the breach, in addition to 1 Ch. Plead. 330, above cited, see ib. 325, 326, 327, 328, 329—6 Cranch 127—8 John. 111—7 John. 376—2 Hen. and Mun. 446.

In relation to the date of the bond offered in evidence, and the charge embodied in the bill of exceptions, it is obvious that the real date of a deed is the time of its delivery. In this case the bond referred to is a deed within the meaning of the law; and the date would be from the delivery to Clark, the person benificially interested, and not to Meldrum, for it could avail Clark but little that a bond for his benefit (nominally) had been taken, if placed beyond his reach and control.

GRIMES, for plaintiff in error, in reply. It is no matter whether the bond is in compliance with the statute or not. The only question here is, whether, admitting the bond to be genuine, the date is any presumption of the true date. The original contract does not require that a bond shall be given. It binds him to take a bond for the benefit of Clark, when he shall convey. If a bond should be executed we don't know that Clark would be entitled to any benefit from it. He would not be entitled to the possession. Swift's Dig. 665.

BY THE COURT, MASON, CHIEF JUSTICE.—This action was brought upon an instrument containing an alternative covenant. If the defendant below ever obtained title to the lands referred to, he was bound to convey to Clark. If he sold his interest before obtaining such title, he was bound to take from the purchaser a like bond for Clark's benefit. The latter branch of this covenant was that alone in relation to which there was an alleged breach. In the nature of things both could not be broken. The breach of either was sufficient to enable the plaintiff below to sustain his action, and the declaration therefore in this respect was sufficient.

The main point in the case however, is, that in relation to the date of the bond purporting to have been taken by Meldrum from the person to whom he sold, performance has been pleaded, and to sustain this plea, a bond was offered in evidence dated anterior to the commencement of the suit. If Meldrum had sold the claim *prior* to the bringing of the suit, and if the bond taken from the vendee was not executed until *afterwards,* it would be no defence to the action whatever. The time of the execution of that bond therefore becomes a material fact. And how was that fact proposed to be proved? By the date of the instrument itself, to which Clark was neither party nor privy.

There is no doubt but that as between the parties to an instrument the date raises a legal presumption of the time of its execution. It amounts to a mutual admission in such a shape as to become legal testimony. But to permit the defendant and a third person to make evidence between themselves that shall bind the plaintiff without his consent or knowledge, would be overthrowing one of the fundamental and most salutary rules of evidence.

Suppose the bond had been without date, and that subsequently the parties thereto had under their hands and seals executed a separate instrument declaring the bond to have been executed on a particular day, would this have been competent testimony against Clark? If such evidence be admissible, why might not all the evidence in the case be manufactured in the same manner. We can see no reason why a different rule should be applied in this case, from that which is followed in the proof of any other material fact.

We have no doubt therefore of the correctness of the position that where an instrument executed by a third person to the defendant is brought in to defeat the plaintiffs action, and the time of its execution becomes a material fact in the case, the mere date is no evidence of that time. If objected to therefore, the bond taken by *Meldrum* should not have been received in evidence at all until proved to have been executed prior to the commencement of the suit. Having been admitted, the charge of the court was substantially correct. We must understand that charge as applied to the facts of this case, and the import of the language to be somewhat qualified by the other circumstances stated in the bill of exceptions.

It was objected by the defendant in error that there should have been a tender by Meldrum to Clark, and also that the bond should have been taken directly to Clark, but these points need not now be considered, as they could not change the result.

The judgment of the court below will therefore be affirmed.